UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN HALEY-MILLER<br>101 Allison Court<br>Lansdale, PA 19446<br><br>Plaintiff,<br><br>v.<br><br>LLOYD INDUSTRIES INC.<br>231 Commerce Drive<br>Montgomeryville, PA 18936<br>and<br>WILLIAM LLOYD<br>231 Commerce Drive<br>Montgomeryville, PA 18936<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.: ______________<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Karen Haley-Miller, (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Lloyd Industries Inc. and William Lloyd ("hereinafter referred to collectively as "Defendants" unless otherwise indicated), and avers as follows:

**INTRODUCTION**

1. Plaintiff initiates the instant action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000) and Pennsylvania common law. Plaintiff was unlawfully terminated and suffered the damages more fully described herein.

**JURISDICTION AND VENUE**

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States. This Court has

supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as those set forth in her federal claim(s).

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants citizens of the Eastern District of Pennsylvania.

**PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Lloyd Industries Inc. ("Defendant Entity") is a Pennsylvania-based manufacturer and retailer of fire dampers and H.V.A.C products and operates multiple business locations (1 in Florida and 1 in Pennsylvania).

8. Defendant William Lloyd ("Defendant Individual") is an adult individual at the above address who owns and operates Defendant Entity. Defendant Lloyd is named in this lawsuit individually because Plaintiff personally observed Defendants undercapitalize Defendant Entity and intermingle their assets rendering Defendant Lloyd personally liable for the actions as set forth herein.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a black (African-American) female.

12. Plaintiff began working for Defendants on or about December 10, 2007.

13. Plaintiff worked for Defendants as its bookkeeper and acting controller.

14. One Jennifer Hamilton (who is female) worked for Defendants at the same time Plaintiff was employed with Defendants and had been an employee for more than 5 years before Plaintiff became employed with Defendants.

15. Hamilton worked for Defendant as an office manager.

16. Hamilton specifically informed Plaintiff after her hire that she selected Plaintiff in the hiring process because Plaintiff was the type that Hamilton's husband liked to fool around with in a sexual context.

17. Plaintiff was specifically informed by Hamilton that Hamilton's husband had internet sex with black women over the internet.

18. By January of 2008, Plaintiff had been informed by Hamilton that she was inviting her husband to Defendant's office to see Plaintiff and that her husband was well endowed.

19. It became clear to Plaintiff through comments, actions, and gestures of Hamilton that she and her husband wanted to have a sexual relationship with Plaintiff.

20. Plaintiff voiced clear and unequivocal objections to Hamilton's attempts to have her engage in sexual relations with her husband and/or her separately or together.

21. Plaintiff was thereafter treated in a very hostile manner by Hamilton throughout early 2008.

22. Hamilton made multiple comments to Plaintiff indicating that the hostility would end if she would do what she wanted (in relation to having a sexual relationship with her and/or her husband).

23. Hamilton further told Plaintiff that she had previously fired 2 prior female employees for acting just like Plaintiff was acting (in reference to objecting to having a relationship with Hamilton and/or her husband).

24. By the spring of 2008, Hamilton was telling Plaintiff that it was her fault that Hamilton's marriage was failing and her husband had a new girlfriend and that Plaintiff failed to help Hamilton save her marriage.

25. Plaintiff repeatedly told Hamilton that she would not get involved with a sexual relationship between her or her husband and that any failures in their marriage had nothing to do with Plaintiff.

26. As part of the hostile work environment and retaliatory acts Plaintiff was experiencing throughout early 2008, Plaintiff's was not given a private office space as originally planned but instead was required to remain in an open space in the direct view of Hamilton.

27. Plaintiff was told that she would be given a raise and could have her desk moved to a more secure or private location if she would just play along (in reference to helping Hamilton try to repair her marriage by engaging in a relationship with her and/or her husband).

28. To try to ease the extreme hostility that was being exhibited towards her and in an effort try to transition to a reasonable work relationship, Plaintiff agreed to a request by Hamilton to go out to a public place with some of Hamilton's friends.

29. Throughout April and into May of 2008, Hamilton was continuing to make Plaintiff feel very uncomfortable by attempting to touch Plaintiff's body, including her inner thighs and by trying to put her head on Plaintiff.

30. Hamilton told Plaintiff that she had bisexual tendencies, continuously asked Plaintiff to spend time with her outside of work, and showed Plaintiff pictures of naked women.

31. In May of 2008, Plaintiff was dating a man not employed within Defendant, and when Hamilton learned of same, she became enraged and again threatened Plaintiff's continued employment.

32. By June of 2008, Plaintiff was still getting propositioned by Hamilton, threatened, and still being subjected to a hostile work environment for refusing to spend time with Hamilton.

33. In July and August of 2008, Plaintiff was so distraught about the continuous propositions, threats, and mistreatment due to not succumbing to Hamilton's advances that she made sexual harassment complaints to both Hamilton and Defendant's owner, one William Lloyd.

34. Lloyd did not take any remedial action whatsoever, and Hamilton specifically told Plaintiff that she was in essence untouchable because she was lying to OSHA for Lloyd and making false statements on behalf of Defendants.

35. As of June of 2008, Defendants were having significant interaction with OSHA and denying access to OSHA such that OSHA was obtaining warrants to inspect Defendants' premises. *See U.S.A. v. Lloyd Industries, Inc.*, Docket No.: 08-00895.

36. During her period of employment with Defendant, Plaintiff was never given an employee handbook or employment policy regarding discrimination or harassment in the workplace.

37. Plaintiff was never given any type of written discipline during her period of employment with Defendant.

38. Plaintiff was however terminated on or about September 10, 2008 by Defendant.

**First Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Retaliation)**

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. At all times relevant herein, Plaintiff properly and timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") in order to proceed under Title VII and has filed the instant action within 90 days of receiving a notice of dismissal and/or right-to-sue letter from the EEOC.

41. Plaintiff complained about sexual harassment and was terminated for her complaints and was subjected to a hostile work environment also because of her complaints of sexual harassment.

42. These actions as aforesaid constitute violations of Title VII of the Civil Rights Act of 1964.

**Second Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964**
**(Hostile Work Environment)**

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Plaintiff was subjected to a hostile work environment during the course and scope of her employment with Defendant for more than 6 months (and almost her entire tenure with Defendant).

45. Defendant did not possess a written sexual harassment policy that was disseminated as a company policy to Plaintiff during her employment with Defendant.

46. Plaintiff was subjected to severe and/or pervasive unwelcome sexual advances by Defendant's office manager.

47. These actions as aforesaid created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

**Third Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964**
**(Quid-Pro-Quo Sexual Harassment)**

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Plaintiff was terminated for not engaging in a romantic and/or sexual relationship with Hamilton or at the request of Hamilton.

50. These actions as aforesaid constitute a violation of Title VII of the Civil Rights Act of 1964.

**Fourth Cause of Action**
**Common-Law Wrongful Discharge**

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. As part of her job, Plaintiff was required to follow directions and requests of OSHA, and OSHA did in fact provide directives for Plaintiff and Defendant to follow.

53. Plaintiff was terminated for complying with requests by OSHA, for not providing false information to OSHA, and for not committing criminal activity by failing to comply with requests/demands of OSHA.

54. Plaintiff was also terminated for participating in a legal action that was initiated against Defendant in the matter of *Ford v. Lloyd Industries, Inc.*; Court of Common Pleas No. 05-11241, for providing information in this lawsuit as a witness, and for being subpoenaed in this civil matter one day before she was terminated from Defendant.

55. Defendant's retaliatory animus towards any participants in the matter of *Ford v. Lloyd Industries, Inc.* was evident because Defendant's owner, Lloyd, personally held, displayed, and brandished firearms in the workplace threatening to kill any participant in the lawsuit.

56. These actions as aforesaid constitute violations of common law and this Commonwealth's public policy.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom of retaliating against employees and is to be ordered to promulgate an effective policy against such sexual harassment and retaliation and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & VIRANT, P.C.**

Ari R. Karpf, Esquire
3070 Bristol Pike
Building 2, Suite 231
Bensalem, PA 19020
(215) 639-0801

Dated: November 16, 2009

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Karen Haley-Miller : CIVIL ACTION

v. :

Lloyd Industries, Inc., et al : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 11/16/2009 | Ari R. Karpf | Plaintiff |
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

APPENDIX F

UNITED STATES DISTRICT COURT

OR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of ssignment to appropriate calendar.

Address of Plaintiff: 101 Allison Court, Lansdale PA 19446

Address of Defendant: 231 Commerce Drive, Montgomeryville PA 18936

Place of Accident, Incident or Transaction: Defendants place of business

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? Yes ☐ No ☒

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/16/2009 ______ Attorney-at-Law

91538 ARK2484 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/16/2009 ______ ARK2484 91538

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

HALEY-MILLER, KAREN

**(b)** County of Residence of First Listed Plaintiff: Montgomery

**(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)**

Karpf, Karpf, Virant & Swartz, 3070 Bristol Pike, Building 2 Suite 231, Bensalem PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

LLOYD INDUSTRIES INC., et al.

County of Residence of First Listed Defendant: Montgomery

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**: Title VII of the Civil Rights Act of 1964

Brief description of cause: Violations of Title VII of the Civil Rights Act of 1964 and Pennsylvania Common Law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S)

(See instructions): JUDGE DOCKET NUMBER

Explanation:

11/10/2009

**DATE**

**SIGNATURE OF ATTORNEY OF RECORD**